UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WHOLE FOODS MARKET GROUP, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 14-13079 ) |
| UNITED STATES POSTAL SERVICE, | ) ) |
| Defendant. | ) ) ) |

VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

INTRODUCTORY STATEMENT

1. Plaintiff Whole Foods Market Group, Inc. ("Whole Foods"), brings this action seeking to obtain a mandatory injunction ordering defendant United States Postal Service (the "USPS") to produce three (3) of its employees for depositions in a personal injury action currently pending in the Middlesex (Massachusetts) Superior Court.  Each of these employees investigated the accident in which the plaintiff in that case claims to have been injured and each has information relevant to Whole Foods' defenses in that case.  Further, the plaintiff in that case has indicated that he intends to call these employees at the trial of that action.  However, the USPS has unfairly and capriciously refused to allow these employees to testify in response to Whole Foods' deposition subpoenas.

PARTIES

2. Whole Foods is a corporation organized pursuant to the laws of the State of Delaware, with a place of business at 200 Alewife Brook Parkway, Cambridge, Massachusetts.

3. USPS is an independent establishment of the executive branch of the Government of the United States. Pursuant to 39 U.S.C. § 401(1), the USPS may be sued in its own name. Pursuant to 28 U.S.C. § 409(b) and Fed.R.Civ.P. 4(i), USPS is subject to process of this Court by delivering a copy of the summons and this Verified Complaint to the United States attorney for this district and sending a copy of the summons and this Verified Complaint by registered or certified mail to Eric H. Holder, Jr., the Attorney General of the United States.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under 39 U.S.C. Section 409(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391 because a substantial part of the events or omissions giving rise to the cause of action set forth herein occurred within this district.

## FACTS

**A. Ronald A. Rossetti's Alleged Accident And His Massachusetts State Court Action Against Whole Foods**

6. Ronald A. Rossetti ("Mr. Rossetti") is an employee of USPS.

7. On May 17, 2013, Mr. Rossetti, along with his wife, Tina Rossetti (Mr. Rossetti and Mrs. Rossetti will sometimes hereinafter collectively be referred to as the "Rossetti Plaintiffs"), initiated a civil action against Whole Foods in the Superior Court of the Commonwealth of Massachusetts styled as "*Ronald A. Rossetti, et ux. v. Whole Foods Market Group, Inc.*, Middlesex Superior Court, Civil Action MICV2013-01870" (the "Action"). A copy of the Complaint in the Action is attached hereto at **Exhibit A**.

8. In the Action, Mr. Rossetti alleges that on September 10, 2012, he was injured while making a delivery to Whole Foods' store located at 200 Alewife Brook Parkway,

Cambridge, Massachusetts (the "Store"), in the course of his duties for the USPS. Mr. Rossetti alleges that at this time he stepped out of his USPS delivery truck and slipped and fell on a pumpkin stem allegedly on the sidewalk in front of the Store. This incident will hereinafter be referred to as the "Accident".

9. Mr. Rossetti claims that he suffered a serious ankle fracture in the Accident. He also claims that he has been unable to return to work since the Accident.

10. Mr. Rossetti claims that the pumpkin stem upon which he allegedly slipped came from a nearby display of pumpkins set up on the sidewalk by Whole Foods. As such, he asserts a cause of action of negligence against Whole Foods. His wife has brought a loss of consortium claim against Whole Foods.

11. Mr. Rossetti did not report the Accident to Whole Foods at the time it occurred.

12. Shortly after the Accident, Mr. Rossetti's USPS manager, Daniel Tobin ("Tobin"), came to the Store and reported the Accident to Whole Foods. Tobin was accompanied at the Store by USPS employees Audrey Lake ("Lake") and Vincent Rinaldi ("Rinaldi").

13. After learning of the Accident, Whole Foods searched the area where Mr. Rossetti claims to have fallen. Whole Foods' employees found no pumpkin stem on the sidewalk in or about the area where the Accident happened.

14. Tobin also conducted an investigation of the Accident for, or on behalf of, the USPS.

15. On October 17, 2013, Mr. Rossetti responded to interrogatories propounded by Whole Foods in the Action. Copies of these interrogatory responses are attached hereto at **Exhibit B**. There, Mr. Rossetti alleges that Tobin, Lake and Rinaldi each examined the area where the Accident occurred. *See* Response to Interrogatory No. 2. He alleges that

each saw the pumpkin stem upon which he claims to have slipped. *Id.* Mr. Rossetti also claims that Tobin and Lake took photographs of the pumpkin stem. *Id.*

16. At this time, Whole Foods believes that the Accident was caused by Mr. Rossetti's own carelessness and not its alleged negligence. The Accident was captured on Whole Foods' video surveillance camera. Attached at **Exhibit C** hereto are certain still pictures of the Accident taken from the video surveillance. Whole Foods believes that this surveillance depicts Mr. Rossetti falling out of his truck before stepping on the sidewalk and not slipping on a pumpkin stem.

17. After Tobin investigated the Accident he completed a USPS accident report report, entitled "PS Form 1769/301 Accident Report USPS Restricted Information" (the "Accident Report"). A copy of the Accident Report is attached hereto at **Exhibit D**.

18. The Accident Report contains information indicating that Mr. Rossetti's own carelessness, and not Whole Foods' alleged negligence, caused the Accident. In a section of the Accident Report entitled "Unsafe Personal Factor(s)," Tobin wrote ""Didn't see." In a section entitled "Unsafe Practice(s)," Tobin concluded that Mr. Rossetti had engaged in "Inattention or distraction (not caused by verifying or fingering mail)".

19. The Accident Report also contradicts Mr. Rossetti's claims that his allegedly severe injuries were caused by the Accident. There, Tobin answered "no" to the section entitled "Serious Accident."

B. **Whole Foods' Attempts to Subpoena Tobin, Lake and Rinaldi for Depositions and Defendant USPS's Refusal to Allow Them to Testify**

20. In late December 2013, Whole Foods sought to depose Tobin, Lake and Rinaldi concerning, *inter alia*, their examination of the area where the Accident occurred, Mr.

17402851v.2

Rossetti's claims that each of them had seen the pumpkin stem, and certain information set forth in the Accident Report.

21. On January 2, 2014, Whole Foods contacted Kimberly C. Ferreira, Manager of the Health & Resource Management Department for the Greater Boston District of the USPS, to determine whether the USPS would voluntarily produce these employees for depositions.

22. In response to this inquiry, Whole Foods received a letter from a USPS attorney, Stuart James, Esq., dated January 14, 2014. A copy of this letter is attached hereto at **Exhibit E.**

23. According to Mr. James, the USPS would not permit Tobin, Lake and Rinaldi to testify at depositions unless Whole Foods complied with the following procedure:

> Initially, 39 C.F.R. § 265.12(c)(3)(ii) requires a subpoena to be served on the employee (or record keeper) and the Postal Service's Chief Field Counsel at least 10 working days before the testimony/documents are needed. Also, since actual testimony is requested, your subpoena must set forth the need for the employee's testimony, including why the submission of documents would not be sufficient and the anticipated area(s) of testimony. <u>An employee may not provide testimony until they have received authorization to do so.</u> The information regarding the need for the employee's testimony will be utilized when determining whether allowing the testimony would be in the Postal Service's best interest.

(emphasis supplied).

24. Mr. James' also stated in this letter that, "You should be advised that if a determination is made that allowing the requested testimony is not in the Postal Service's best interest, a federal court order will be required to compel the testimony."

25. 39 C.F.R. § 265.12(c)(2) provides, in pertinent part, that a subpoena to a USPS employee must "state the nature of the requested testimony, describe the relevance of the…testimony to the proceeding, and why the information sought is unavailable by any other means." The subpoena must also "contain a summary of the requested testimony and a showing that no document could be provided and used in lieu of testimony."

17402851v.2

26. On March 17, 2014, Mr. James informed Whole Foods via email that he would accept email service of the subpoenas on behalf of the USPS's Chief Field Counsel.

27. On March 28, 2014, Whole Foods provided subpoenas of Tobin, Lake and Rinaldi to Mr. James. Copies of these subpoenas are attachd hereto at **Exhibit F**. On or about that same date, Whole Foods sent the subpoenas to the Middlesex County Sheriff's Department for service upon Tobin, Lake and Rinaldi.

28. These subpoenas complied with 39 C.F.R. § 265.12. Among other things, each subpoena thoroughy described why Whole Foods needed to depose Tobin, Lake and Rinaldi and the anticipated areas of their testimony. In addition, the subpoenas also thoroughly explained why the submission of documents would not suffice as a substittue for the testimony of Tobin, Lake and Rinaldi.

29. On April 9, 2014, Mr. James sent correspondence to Whole Foods stating that the USPS would not permit Tobin, Lake and Rinaldi to testify at depositions. A copy of this letter is attached hereto at **Exhibit G**. In support of this decision, Mr. James stated that "these employees did not actually witness the incident that is the subject matter of your action."

C. **The Rossetti Plaintiffs Intend to Call Tobin, Lake and Rinaldi as Witnesses At the Trial of the Action**

30. The Rossetti Plaintiffs intend to call Tobin, Lake and Rinaldi as witnesses at the trial of the Action to establish, among other things, the existence of the pumpkin stem upon which Mr. Rossetti allegedly fell. *See* Plaintiff's Response to Interrogatory No. 18.

31. In light of its inability to depose Tobin, Lake and Rinaldi, Whole Foods requested that the Rossetti Plaintiffs voluntarily agree not to call these witnesses at trial. The Rossetti Plaintiffs have refused Whole Foods' request.

6

17402851v.2

32. Upon information and belief, Mr. Rossetti has a personal relationship with each of Tobin, Lake and Rinaldi and they will testify at trial voluntarily, whether or not the USPS authorizes them to do so.

## CAUSES OF ACTION

### COUNT I
(Injunctive Relief)

33. Whole Foods repeats and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 to 32, inclusive, of the Verified Complaint.

34. The USPS's refusal to permit Tobin, Lake and Rinaldi to testify in response to Whole Foods' subpoenas is an unfair and capricious decision.

35. Tobin, Lake and Rinaldi, and each of them, possess information regarding the Accident that is critical to Whole Foods' defenses to the claims of Mr. and Mrs. Rossetti in the Action.

36. Whole Foods has no way to discover the information possessed by Tobin, Lake and Rinaldi relevant to the Accident without deposing them.

37. Despite the fact that the USPS has refused to allow Tobin, Lake and Rinaldi to testify at deposition, the Rossetti Plaintiffs intend to proffer them as witnesses at trial.

38. Absent the injunctive relief sought herein, Whole Food will be prejudiced at the trial of the Action and will suffer irreparable harm.

## RELIEF REQUESTED

WHEREFORE, plaintiff WHOLE FOODS MARKET GROUP, INC., prays as follows:

1. That this Court enter an Order directing defendant United States Postal Service to produce Tobin, Lakes and Rinaldi for depositions on a date and time, and at a location, mutually agreeable to the parties in this action and further directing these witnesses to

17402851v.2

produce at those depositions any and all photographs in their possession, custody or control relevant to the Accident; and

2. For such other and further relief as this Court deems just and proper.

## VERIFICATION

I, BARRY SHAIEVITZ, Store Team Leader, Whole Foods Market Group, Inc., 200 Alewife Brook Parkway, Cambridge, MA 02134, have read the allegations contained herein and, under the pains and penalties of perjury, I swear that these allegations are true and accurate, except those alleged upon information and belief, and as to those, I believe them to be true. Unless otherwise stated, the allegations contained herein are based upon my personal knowledge or upon the business records of plaintiff Whole Foods Market Group, Inc.

7/21/14
Date

Barry Shaievitz

WHOLE FOODS MARKET GROUP, INC.
By its attorney,

Stephen C. Bazarian (BBO #553148)
Dawn Mertineit (BBO #669988)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800

Dated: July 22, 2014